**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DAVID HARRINGTON,

                              Plaintiff,

           - v -                            Civ. No. 9:13-CV-795
                                                            (LEK/RFT)

DR. VADLAMUDI, *Doctor, Marcy Correctional Facility*;
KARAS MARTIN,[1] *Nurse Administrator, Marcy Correctional Facility*,

                              Defendants.

**APPEARANCES:**                                **OF COUNSEL:**

DAVID HARRINGTON
Plaintiff, *Pro Se*
79 Lamplighter Acres
Fort Edward, New York 12828

HON. ERIC T. SCHNEIDERMAN                JOSHUA E. MCMAHON, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff David Harrington brings this civil action, alleging that while he was incarcerated at Marcy Correctional Facility, the Defendants violated his rights under the First and Eighth Amendments to the United States Constitution, under Title II of the Americans with

---

[1] All parties concede that Defendant Karas Martin was misnamed, and her actual identity is Sandra Martin Smith, and Plaintiff asks that this error be corrected. Dkt. No. 21, Pl's Opp'n, at ¶ 1; *see also* Dkt. No. 9, Def. Martin Acknowledgment of Service (executed by Sandra Martin Smith); Dkt. No. 15, Ans. at ¶ 3 (answering on behalf of Sandra Martin Smith and noting that Defendant "Martin Smith is misnamed). The Court will direct the Clerk of the Court to fix the Docket Report herein to reflect the proper name of this Defendant and the Court will refer to the Defendant as such throughout this Report-Recommendation and Order.

Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, and under Title V of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq. See generally* Dkt. No. 1, Compl. Defendants move to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), insofar as Plaintiff has failed to state a cognizable claim pursuant to the ADA and Rehabilitation Act. Plaintiff was advised of his right to respond to the Motion, Dkt. No. 18, however, the response he filed is directed at the Defendants' Answer, and not their Motion to Dismiss. Dkt. No. 21.[2] For the reasons that follow, this Court recommends that Defendants' Motion be **granted** and Plaintiff's ADA and Rehabilitation Act claims be dismissed.

## I. DISCUSSION

### A. Standard of Review

On a motion to dismiss, the allegations of the complaint must be accepted as true. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). The trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984)).

"Generally, in determining a 12(b)(6) motion, the court may only consider those matters alleged in the complaint, documents attached to the complaint, . . . matters to which the court may take judicial notice[,]" as well as documents incorporated by reference in the complaint. *Spence v.*

---

[2] The Court notes that a reply to Defendants' Answer is not authorized where, as here, Defendants asserted no counterclaim requiring a response from Plaintiff and the Court has not directed such a reply. FED. R. CIV. P. 7. To the extent relevant, the Court has nevertheless considered Plaintiff's submission in assessing the Defendants' pending Motion and therefore will not direct the Clerk of the Court to strike the filing.

*Senkowski*, 1997 WL 394667, at *2 (N.D.N.Y. July 3, 1997) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (citing FED. R. CIV. P. 10(c)). Moreover, "even if not attached or incorporated by reference, a document 'upon which [the complaint] *solely* relies and which is *integral to the complaint*' may be considered by the court in ruling on such a motion." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d at 47). However, "even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). "It must also be clear that there exists no material disputed issues of fact regarding the relevance of the document." *Id*.

The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 754 n. 6 (1963); *see also Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008). Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. at 697 (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. at 678. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. In this respect, to survive dismissal, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 440 U.S. at 555). Thus, in spite of the deference the court is bound to give to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts [which he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). The process of determining whether a plaintiff has "nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. at 679-80.

With this standard in tow, we consider the plausibility of Plaintiff's Complaint.

### B. Plaintiff's Complaint

In accordance with the applicable standard of review, the following facts set forth in Plaintiff's Complaint are taken as true. All events relevant to the Complaint took place at Marcy Correctional Facility where Plaintiff was incarcerated and Defendants were employed. Compl. at ¶¶ 2-3. Plaintiff suffers from "mild autism, aspergers syndrome, eccentric repetitive behavior" and has suffered from epilepsy for more than thirty-five years. *Id*. at ¶ 4(8). Between June 7, 2012, and September 23, 2012, Plaintiff experienced an increasingly frequent number of seizures. *Id*. at ¶¶ 4(9)-(10), 4(14), 4(16)-(17) & 4(20)-(21). On multiple occasions Dr. Vadlamudi denied Plaintiff's requests to see a neurologist for his condition. *Id*. at ¶¶ 4(12)-(19). On September 23, 2012,

*-4-*

Plaintiff experienced a "Grand Mal Seizure" while in the toilet stall and hit his head on the toilet. *Id*. at ¶ 4(21). Upon being taken to an outside hospital, Plaintiff was examined by a neurologist who ordered a "Cat-Scan," which revealed "compression fractures at the vertebrae T-12 [and] L-1 and [that] L-5-S1 had been displaced 11 millimeters." *Id*. at ¶¶ 4(22) & 4(25)-(26). The neurologist changed Plaintiff's medication while another doctor[3] provided Plaintiff with a wheelchair "to travel to and from the mess hall, infirmary, and to the school building because [he] could no longer walk distances." *Id*. at ¶ 4(28)-(33). After Plaintiff filed a prisoner grievance relating to some unidentified issue, Defendant Smith took Plaintiff's wheelchair away "without just cause forcing [him] to experience excruciating pain and suffering falling and struggling to walk." *Id*. at ¶ 4(35).

### C. ADA and Rehabilitation Act

In addition to asserting that the Defendants violated several of Plaintiff's constitutional rights, none of which are subject of the current Motion, Plaintiff asserts that the individual Defendants violated his rights under the ADA and Rehabilitation Act. Defendants contend that individual defendants cannot be held liable under the ADA and that Plaintiff nevertheless fails to state a *prima facia* case under those Acts. *See generally* Dkt. No. 16-1, Defs.' Mem. of Law.

The ADA, which applies to state inmates, *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209-10 (1998); *Beckford v. Portuondo*, 151 F. Supp. 2d 204, 220 (N.D.N.Y. 2001) (Kahn, J.), states as follows:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.

---

[3] Plaintiff asserts that Dr. Zaki provided him with prescription pain medication and a wheelchair. Compl. at ¶¶ 4(33) & 4(41). It is unclear whether Plaintiff encountered Dr. Zaki at Marcy or at some outside facility, but it is nevertheless clear that Dr. Zaki is not named as a defendant in this matter.

Similarly, the Rehabilitation Act, which has been similarly held to apply to state prisoners, *see, e.g., Allah v. Goord*, 405 F. Supp. 2d 265, 279 (S.D.N.Y. 2005), protects a "qualified individual with a disability" from exclusion of participation, denial of the benefits, or subjection to discrimination "under any program or activity receiving Federal financial assistance," because of the individual's disability. 29 U.S.C. § 749(a).

Particularly pertinent to the pending Motion, the Second Circuit has held that "neither Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials." *Garcia v. State Univ. of New York Health Sci. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001). Therefore, a defendant who is a state official is immune from suit when sued in his individual capacity. Moreover, a defendant who is sued in his official capacity is also immune from a suit for damages because, pursuant to the Eleventh Amendment of the United States Constitution, state officials are not liable for money damages when sued in their official capacities. *Singleton v. Perilli*, 2004 WL 74238, at *4 (citing *Cruz v. Gomez*, 202 F.3d 593, 595 n.2 (2d Cir. 2000)).

Thus, we recommend that Defendants' Motion be **granted** as to Plaintiff's ADA and Rehabilitation Act claims asserted against the individual Defendants.

Defendants further note that dismissal is proper because Plaintiff fails to state a *prima facie* claim pursuant to these Acts. Although the individual Defendants are immune from suit under these Acts, the Court considers whether Plaintiff has stated a cause of action such that the correct Defendant would be added as a defendant.

To state a claim under the ADA, a prisoner must demonstrate that "(1) he or she is a 'qualified individual with a disability'; (2) he or she is being excluded from participation in, or being denied the benefits of some service, program, or activity by reason of his or her disability; and (3)

[the facility that] provides the service, program, or activity is a public entity." *Clarkson v. Coughlin*, 898 F. Supp. 1019, 1037 (S.D.N.Y. 1995) (citations omitted). Although there are "subtle differences between the [A]cts," the Court notes that the purpose of both the ADA and Rehabilitation Act is to prevent discrimination based upon disability, and as a result, courts generally apply the same legal standard for claims arising under Title II of the ADA and Title V of the Rehabilitation Act. *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003).[4]

Here, Plaintiff has failed to establish a claim for relief under the two Acts. While he alleges certain medical conditions he suffers from, which may qualify as disabilities as defined by the Acts, he fails to allege that he was excluded from participation in a public entity's services, programs, or activities or was otherwise discriminated against by a public entity. More pointedly, Plaintiff fails to allege any discriminatory animus against the disabled under any disparate treatment theory, further debilitating his claim for relief. *See Atkins v. Cnty. of Orange*, 251 F. Supp. 2d 1225, 1232 (S.D.N.Y. 2003) (citing *Doe v. Pfrommer*, 148 F.3d 73, 82 (2d Cir. 1998)). Accordingly, in its current form, Plaintiff fails to state a claim for relief pursuant to the ADA and the Rehabilitation Act. However, in keeping with the Second Circuit's admonition that we not dismiss potentially meritorious claims of *pro se* litigants without first granting leave to amend, we recommend that these claims be **DISMISSED** without prejudice and with leave to amend. *See Phillips v. Girdich*, 408 F.3d 124, 127 (2d Cir. 2005) (noting that *pro se* pleadings should be construed liberally and "should not be dismissed unless it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations" and directing courts to view *pro se*

---

[4] To establish a cause of action under § 504 of the Rehabilitation Act, the prisoner would have to also show "that the defendants receive federal funding." *Henrietta v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003) (citation omitted).

submissions leniently "allowing borderline cases to proceed") (internal quotation marks and citations omitted).

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 16) should be **GRANTED** and Plaintiff's ADA and Rehabilitation Act claims should be dismissed against the individual Defendants because such claims cannot be pursued against individual state officials. In light of his *pro se* status, Plaintiff should be granted an opportunity to amend his ADA and Rehabilitation Act claims in order to name the proper Defendant and properly state a claim under those Acts; and it is further

**ORDERED**, that the Clerk of the Court amend the Docket Report to substituted Sandra Martin Smith as the Nurse Administrator at Marcy Correctional Facility sued herein, and not Karas Martin; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: September 2, 2014
      Albany, New York

Randolph F. Treece
U.S. Magistrate Judge