**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DAVID HARRINGTON,

                Plaintiff,

- v -                                             Civ. No. 9:13-CV-795
                                                              (BKS/RFT)

DR. VADLAMUDI, *Doctor, Marcy Correctional Facility*;
SANDRA MARTIN SMITH, *Nurse Administrator, Marcy*
*Correctional Facility*; MARCY CORRECTIONAL FACILITY,

                Defendants.

**APPEARANCES:**                                     **OF COUNSEL:**

DAVID HARRINGTON
*Pro se* Plaintiff
79 Lamplighter Acres
Fort Edward, NY 12828

HON. ERIC T. SCHNEIDERMAN              JOSHUA E. MCMAHON
Attorney General of the State of New York     Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

On July 1, 2013,[1] *pro se* Plaintiff, while incarcerated at Marcy Correctional

---

[1] The Second Circuit has held that due to the unique difficulties faced by incarcerated *pro se* litigants, a prisoner's pleading is deemed to be properly filed at the time he or she hands the papers to the prison authorities for transmittal to the court. *Dory v. Ryan*, 999 F.2d 679, 681-82 (2d Cir. 1993), *modified on reh'g*, 25 F.3d 81 (2d Cir. 1994). It is presumed that a prisoner handed the pleading to the prison guard on the date he signed the complaint. *Shaw*
(continued...)

Facility, filed this action pursuant to 42 U.S.C. 1983; Title II of the Americans Disability Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794 *et seq. See generally* Dkt. No. 1, Compl.

On November 13, 2014, Defendants filed a partial Motion to Dismiss Plaintiff's ADA and Rehabilitation Act claims against Defendants Dr. Vadlamudi, Nurse Sandra Martin Smith, and Marcy Correctional Facility. Dkt. No. 35. On December 18, 2014, Plaintiff filed a Response in opposition. Dkt. No. 38. For the reasons that follow, the Court recommends granting Defendants' Motion to Dismiss.

## I. DISCUSSION

### A. Standard of Review

On a motion to dismiss, the allegations of the complaint must be accepted as true. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). The trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer*

---

[1](...continued)
*v. Superintendent Attica Corr. Fac.*, 2007 WL 951459, at *3 n.3 (N.D.N.Y. Mar. 28, 2007).

*v. Rhodes*, 416 U.S. 232, 236 (1974) (*overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984)).

"Generally, in determining a 12(b)(6) motion, the court may only consider those matters alleged in the complaint, documents attached to the complaint, . . . matters to which the court may take judicial notice[,]" as well as documents incorporated by reference in the complaint. *Spence v. Senkowski*, 1997 WL 394667, at *2 (N.D.N.Y. July 3, 1997) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (citing FED. R. CIV. P. 10(c)). Moreover, "even if not attached or incorporated by reference, a document 'upon which [the complaint] *solely* relies and which is *integral to the complaint*' may be considered by the court in ruling on such a motion." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d at 47).

The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 754 n. 6 (1963); *see also Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008). Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. at 697 (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. In this respect, to survive dismissal, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 440 U.S. at 555). Thus, in spite of the deference the court is bound to give to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts [which he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). The process of determining whether a plaintiff

has "nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. at 679-80.

Furthermore, when a plaintiff is proceeding *pro se*, his submissions should be judged on a more lenient standard than that accorded to formal pleadings drafted by lawyers. *Cancel v. Goord,* 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001) (citing *McNeil v. United States,* 508 U.S. 106, 113 (1993)). "The court must make some reasonable allowances so that a *pro se* plaintiff does not forfeit his rights by virtue of a lack of legal training." *Id*. With this standard in mind, the Court has reviewed Plaintiff's Amended Complaint.

### B. ADA & Rehabilitation Act

The Anti–Discrimination provision of Title II of the ADA, states in pertinent part, that "[s]ubject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Likewise, Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to

discrimination under any program or activity receiving Federal financial assistance[.]" 29 U.S.C. § 794(a). To bring a claim under Title II of the ADA, a plaintiff must establish that (1) he is a qualified individual with a disability; (2) is being excluded from participation in, or being denied benefits of some service, program or activity by reason of his disability; and (3) the entity providing the service is a public entity. *Farid v. Demars,* 2009 WL 455450, at *4 (N.D.N.Y. Feb. 23, 2009) (citation omitted).

Similarly, to state a *prima facie* claim for relief under the Rehabilitation Act, a plaintiff must establish that: (1) the entity denying participation or enjoyment receives federal financial assistance; (2) he is a "handicapped person" as defined in the Act; (3) he is "otherwise qualified" to participate in the offered activity or program or to enjoy the services or benefits offered; and (4) he is being excluded from participation or enjoyment solely by reason of his handicap. *See Rothschild v. Grottenthaler,* 907 F.2d 286, 289–90 (2d Cir. 1990). "The main difference between the statutes is that coverage under [the] Rehabilitation Act is limited to entities receiving federal financial assistance, while ADA's reach extends to private entities. When brought together, claims under Title II and Section 504 may be treated identically." *Hilton v. Wright,* 928 F. Supp. 2d 530, 556-57 (N.D.N.Y. 2013) (citing *Henrietta D. v. Bloomberg,* 331 F.3d 261, 272 (2d. Cir. 2003)).

However, the Second Circuit has held that "neither Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials." *Garcia v. State Univ. of New York Health Sci. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001). In addition, a defendant who is sued in his official capacity is also immune from a suit for damages because, pursuant to the Eleventh Amendment of the United States Constitution, state officials are not liable for money damages when sued in their official capacities. *Singleton v. Perilli*, 2004 WL 74238, at *4 (S.D.N.Y. Jan. 16, 2004) (citing *Cruz v. Gomez*, 202 F.3d 593, 595 n.2 (2d Cir. 2000)). Therefore, the Court recommends **dismissing** Plaintiff's ADA and Rehabilitation claims against Dr. Vadlamudi and Nurse Smith as they may neither be sued in their individual nor official capacities.

Moreover, the Court finds that Plaintiff fails to plead a *prima facia* case under the ADA and Rehabilitation Act. Plaintiff may be a qualified individual with a disability as he suffers from Autism Spectrum Disorder and debilitating epileptic seizures, but his Amended Complaint is otherwise devoid of any facts that would indicate he was excluded from Marcy's programs or services due to discrimination based on his disability. Dkt. No. 33, Am. Compl. at ¶¶ 58-70. Instead, Plaintiff provides the Court with threadbare recitals of an ADA claim. For instance, he claims "I was one of the highest paid individuals in the facility. At the point I was told by

the doctors that because of my disability I could no longer work in the kitchen." *Id.* at ¶ 84. And then concludes, "I was discriminated against because of my disability[.]" These vague assertions without factual support are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. at 678. Thus, the Court recommends **granting** Defendants' partial Motion to Dismiss in its entirety.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 35) be **GRANTED in its entirety** and Plaintiff's ADA and Rehabilitation Claims should be **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: April 29, 2015
      Albany, New York

Randolph F. Treece
U.S. Magistrate Judge