UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DAVID HARRINGTON,

          **Plaintiff,**

v.                                             9:13-cv-795 (BKS/RFT)

DR. VADLAMUDI, Doctor, Marcy Correctional Facility,
SANDRA MARTIN SMITH, Nurse Administrator, Marcy
Correctional Facility, MARCY CORRECTIONAL FACILITY,

          **Defendants.**

_____

**APPEARANCES:**

David Harrington
Pro se Plaintiff
Fort Edward, NY

Hon. Eric T. Schneiderman
Attorney General of the State of New York
Joshua E. McMahon,
Assistant Attorney General
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.     INTRODUCTION**

Plaintiff David Harrington, a former New York State inmate, commenced this civil rights

action under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§

12101-12213, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, against

defendants Dr. Vadlamudi, Sandra Martin Smith, and Marcy Correctional Facility. Dkt. Nos. 1,

33. Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs, in

violation of the Eighth Amendment, retaliated against him for filing grievances, in violation of the First Amendment, and discriminated against him based on his disability in violation of the ADA and Rehabilitation Act. Dkt. No. 33. Defendants moved under Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings solely with respect to plaintiff's disability discrimination claim. Dkt. No. 35.

On April 29, 2015, United States Magistrate Judge Randolph F. Treece issued a Report-Recommendation and Order recommending that the Court grant defendants' motion and dismiss with prejudice plaintiff's claims against them under the ADA and Rehabilitation Act. Dkt. No. 41. Magistrate Judge Treece advised the parties that, under 28 U.S.C. § 636(b)(1), failure to file written objections to the Report-Recommendation within fourteen days "will preclude appellate review." Dkt. No. 41, p. 8. Plaintiff requested and received an extension, until June 15, 2015, "to appeal . . . the ADA and rehabilitation act" claims. Dkt. Nos. 43, 44. On June 12, 2015, plaintiff filed a second amended complaint. Dkt. No. 45. To date, plaintiff has not filed any objections to the Report-Recommendation.[1]

## II.    REPORT-RECOMMENDATION

As no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Glaspie v. N.Y.C. Dep't of Corr.*, No. 10 CV 00188(GBD)(JCF), 2010 WL 4967844, at *1, 2010

---

[1] In his letter request for an extension of time to file objections, plaintiff states that there:

> was an error in the [Report-Recommendation] on page seven and on the second paragraph w[h]ere they claim that I am the highest paid employee [in] Marcy facility. I received my food handle certificate at Au[]burn Correction[al] Facility and then I was trained for nine years and worked for Mid State Correction[al] Facility. When I was transferred to Marcy Correction Facility, I was given a physical. I was told I could no longer work for the kitchen because of my disability. I was given a job as reporter, making 15 cent [sic] hour and food handle certificate was strike from me.

Dkt. No. 43. The Court need not determine whether plaintiff's identification of this alleged error constitutes an objection to dismissal of his ADA and Rehabilitation Act claims warranting de novo review because the Court rejects the Report-Recommendation to the extent it recommends dismissal of plaintiff's disability discrimination claims.

U.S. Dist. LEXIS 131629, at *2-3 (S.D.N.Y. Nov. 30, 2010) (explaining that when no objections to report and recommendation are made, "the Court may adopt [it] if there is 'no clear error on the face of the record.'") (quoting *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005)).

### A. Dr. Vadlamudi and Sandra Martin Smith

Magistrate Judge Treece recommended dismissing plaintiff's ADA and Rehabilitation Act claims against Dr. Vadlamudi and Sandra Martin Smith on the basis that "they may neither be sued in their individual nor official capacities." Dkt. No. 41, p. 7. The Court adopts this recommendation having found no clear error in the recommended dismissal of the claims against these defendants in their individual and official capacities, particularly where, as here, defendant Marcy Correctional Facility "is the real party in interest." *Alster v. Goord*, 745 F. Supp. 2d 317, 339 (S.D.N.Y. 2010) (explaining that "[w]here, as here, a plaintiff may proceed on his ADA claims against the State entity directly, courts in this Circuit dismiss the official capacity claims because they are redundant of the claims against the government entity.") (internal quotation marks and brackets omitted); s*ee also Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) (the ADA does not provide for individual capacity suits against state or city officials).

### B. Marcy Correctional Facility

Magistrate Judge Treece recommended dismissing plaintiff's ADA and Rehabilitation Act claims against defendant Marcy Correctional Facility on the basis that he failed to plead a *prima facie* case. Dkt. No. 41, p. 7. In reaching this conclusion, Magistrate Judge Treece discussed plaintiff's claim as follows:

> Plaintiff may be a qualified individual with a disability as he suffers from Autism
> Spectrum Disorder and debilitating epileptic seizures, but his Amended

> Complaint is otherwise devoid of any facts that would indicate he was excluded from Marcy's programs or services due to discrimination based on his disability. Instead, Plaintiff provides the Court with threadbare recitals of an ADA claim. For instance, he claims "I was one of the highest paid individuals in the facility. At the point I was told by the doctors that because of my disability I could no longer work in the kitchen." And then concludes, "I was discriminated against because of my disability[.]"

Dkt. No. 41, pp. 7-8 (internal citations omitted).

The Report-Recommendation does not, however, address several factual allegations in the amended complaint or consider whether it states a plausible denial of reasonable accommodation claim. To state a *prima facie* claim under either the ADA or the Rehabilitation Act, which courts treat identically,[2] plaintiff must allege: "(1) that he is a 'qualified individual' with a disability;[3] (2) that he was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to his disability." *Hargrave v. Vermont*, 340 F.3d 27, 34–35 (2d Cir. 2003). "A qualified individual can base a discrimination claim on any of 'three available theories: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation.'" *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009) (quoting *Tsombanidis v. West Haven Fire Dep't*, 352 F.3d 565, 573 (2d Cir. 2003)).

---

[2] In general, "we treat claims under the two statutes identically." *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003).

[3] A "qualified individual" is

> an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

42 U.S.C. § 12131(2).

In the amended complaint, plaintiff alleges that he is a "chronic epileptic," with chronic seizures, who broke vertebrae in his back after having a grand mal seizure in September 2012. Dkt. 33, ¶¶ 4, 8, 68, 71. Plaintiff alleges that a doctor wrote a permit for a wheelchair so that he could go "to and from the mess hall, infirmary, and to the school building" because he could "not walk any amount of distance," *id*., ¶¶ 33, 74; and that he struggled to walk without a wheelchair, *id*., ¶ 34. Plaintiff further alleges that after he filed a grievance about his medical care, in November 2012, the nurse "confiscat[ed]" his wheelchair "without just cause" and in retaliation for having filed a grievance about his medical care. *Id*., ¶¶ 34, 73-77. Plaintiff claims that this resulted in "excruciating pain and suffering falling and struggling to walk," *id*., ¶ 34, and that he could "no longer make it down to the school" to teach a program. *Id*., ¶¶ 76-77.

Construed liberally, these allegations sufficiently state a *prima facie* case that defendant terminated plaintiff's work because of his disability and that he was denied a reasonable accommodation: (1) plaintiff was a qualified individual with a disability; (2) he was excluded from participating in Marcy Correctional Facility's programs after (a) he lost his job in the kitchen – his vocation of nine years, and (b) his wheelchair was confiscated rendering him unable to "make it down to the school" to teach a program; and (3) his doctors told him that he could not work in the kitchen anymore after giving him a physical and defendant Martin took his wheelchair, a reasonable accommodation, "without just cause." *Id*., ¶ 34. "Under Title II of the ADA . . . prison officials may not discriminate against inmates on the basis of disability in administering work programs." *Northrop v. Carucci*, No. 3:04-CV-103 RNC, 2007 WL 685173, at *4, 2007 U.S. Dist. LEXIS 16491, at *13 (D. Conn. Mar. 5, 2007) (denying summary judgment where the plaintiff alleged "that he was discharged from his kitchen job and not provided a different job because of his disability"); *see also Coker v. Dallas Cnty. Jail*, No. 3:05-

5

CV-005-M (BH), 2009 WL 1953038, at *18, 2009 U.S. Dist. LEXIS 62978, at *53 (N.D. Tex. Feb. 25, 2009) (finding issue of fact as to whether prison had reasonably accommodated wheelchair-bound inmate when it confiscated his wheelchair for three months after having found contraband in it). Accordingly, having reviewed the face of the record and having found a number of facts alleged in the complaint that were not addressed in the Report-Recommendation, the Court declines to adopt the Report-Recommendation to the extent it recommends dismissal of plaintiff's ADA and Rehabilitation Act claims against defendant Marcy Correctional Facility.

## III.    SECOND AMENDED COMPLAINT

In the second amended complaint, plaintiff alleges additional facts in support of his ADA and Rehabilitation Act claims. *See, e.g.*, Dkt. No. 45, ¶¶ 83-95. While mindful that it "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), for the reasons stated in section II.A., *supra*, the Court rejects the second amended complaint to the extent it continues to assert ADA and Rehabilitation Act claims against Dr. Vadlamudi and Sandra Martin Smith. The Court otherwise accepts the second amended complaint, as filed.

## IV.    CONCLUSION

For these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 41) is **ACCEPTED** to the extent it recommends granting defendants' motion to dismiss (Dkt. No. 35) all ADA and Rehabilitation Act claims against defendants Dr. Vadlamudi and Sandra Martin Smith; and it is further

**ORDERED** that defendants' motion to dismiss (Dkt. No. 35) all ADA and Rehabilitation Act claims against defendants Dr. Vadlamudi and Sandra Martin Smith is **GRANTED**; and it is further

**ORDERED** that the Report-Recommendation (Dkt. No. 41) is otherwise **REJECTED**; and it is further

**ORDERED** that defendants' motion to dismiss (Dkt. No. 35) plaintiff's ADA and Rehabilitation Act claims against defendant Marcy Correctional Facility is **DENIED**; and it is further

**ORDERED** that the those portions of the second amended complaint that continue to assert ADA and Rehabilitation Act claims against Dr. Vadlamudi and Sandra Martin Smith are **stricken**; and it is further

**ORDERED** that the second amended complaint (Dkt. No. 45) is otherwise **accepted as filed**; and it is further

**ORDERED** that defendants' letter request (Dkt. No. 46) is **DENIED** to the extent they request that the Court strike the second amended complaint; and it is further

**ORDERED** that defendants' letter request (Dkt. No. 46) is **GRANTED** to the extent they seek additional time to file a response to the second amended complaint; and it is further

**ORDERED** that defendants shall respond to the second amended complaint on or before August 4, 2015;

**ORDERED** that the Clerk of Court shall mail a copy of this Memorandum-Decision and Order to plaintiff along with copies of the unpublished decisions cited in this decision.

**IT IS SO ORDERED.**

**Dated:  July 21, 2015**

Brenda K. Sannes
U.S. District Judge